UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE SUE ROTH,

    Petitioner,

v.

                                                            Case No. 21-cv-11364
                                                            Hon. Matthew F. Leitman

JEREMY HOWARD,

    Respondent.

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Bobbie Sue Roth has filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet. ECF No. 1.) Roth was convicted of operating a motor vehicle while intoxicated with an occupant under 16 years old. As she had previously been convicted of operating a motor vehicle while intoxicated, this offense resulted in a felony conviction under Mich. Comp. Laws § 257.625(7)(a)(ii). Roth was initially sentenced to a term of probation which required her to complete a drug treatment program. After violating her probation, she was sentenced to 57 to 120 months in prison. Roth raises three claims for habeas corpus relief.

1

For the reasons explained below, the Court **DENIES** the petition. The Court also **DENIES** Roth a certificate of appealability but **GRANTS** her leave to proceed *in forma pauperis* on appeal.

# I

On June 2, 2017, Roth was pulled over by police in Baraga County for reckless driving. (*See* 1/9/2018 Plea Hr'g Tr., ECF No. 8-4, PageID.125.) Her two children, ages five and nine, were in the vehicle at the time. (*Id.* at 126.) Roth failed a field sobriety test. (*Id.*) She was charged with seven offenses: operating a vehicle while intoxicated with an occupant under 16, second or subsequent offense; operating a vehicle while intoxicated; two counts of possession of a controlled substance; resisting and obstructing a police officer, operating a vehicle with a suspended license, second or subsequent offense; and possession of marijuana.

On January 9, 2018, Roth appeared before Baraga County Circuit Court Judge Charles R. Goodman and pleaded guilty to operating a vehicle while under the influence of a controlled substance with occupants under 16 years old and to being a third habitual offender. (*See id.*, PageID.123-129.) In exchange for the plea, the prosecutor dismissed the remaining charges against her in that case and a charge of resisting and obstructing a police officer then pending in another case. (*See id.*, PageID.119-120.) The plea agreement provided that Roth would be sent to a drug treatment facility. (*See id.*) Under the terms of the agreement, if Roth successfully

completed the drug treatment facility's 8-to-10-month program, there would be no further probation or incarceration. (*See id.*) If she did not successfully complete treatment, she would return to the trial court for resentencing. (*See id.*). On February 28, 2018, Judge Goodman sentenced Roth to participate in the treatment program in accordance with the plea agreement. (*See* 2/28/2018 Sent. Tr., ECF No. 8-5.)

Roth did not complete the drug-treatment program. She left the program in the middle of the night after just four months. (*See* 12/17/2019 Prob. Violation Hr'g, ECF No. 8-9, PageID.200.) Roth was returned to custody in October 2019 and charged with a probation violation. After a hearing, Judge Goodman determined that Roth had violated her probation. (*See id.*, PageID.209-210.)

Roth's sentencing was scheduled before Judge Goodman for February 11, 2020. Judge Goodman was unavailable on that date, so Judge Fraser T. Strome presided. (*See* 2/11/2020 Hr'g Tr., ECF No. 8-10.) Sentencing was adjourned until March 10, 2020, with the hope that Judge Goodman would be available. (*See id.*, PageID.216-17.) On March 10, 2020, Judge Goodman remained unavailable, and it was unclear when he would be able to return. Over the defense's objection, Judge Strome proceeded with sentencing. (*See* 3/10/2020 Sent. Tr., ECF No. 8-11.) Judge Strome sentenced Roth to 57 to 120 months in prison. (*See id.*, PageID.237.)

Roth filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the same claims raised in this petition. The Michigan Court of

3

Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Roth*, No. 353774 (Mich. Ct. App. July 29, 2020). The Michigan Supreme Court also denied leave to appeal. *People v. Roth*, 507 Mich. 869 (Mich. Feb. 2, 2021).

Roth then filed this habeas corpus petition. (*See* Pet., ECF No. 1.) She raises three claims:

> I. The trial court erred in denying defendant's motion for a continuance to allow the judge who presided over her probation violation hearing to return from a serious illness in his family so that he could sentence defendant.
>
> II. The sentence imposed on defendant was disproportionate, an abuse of discretion, and a violation of *People v. Lockridge*, 498 Mich. 358 (2015), thereby requiring a remand to the trial court for resentencing.
>
> III. The trial court abused its discretion in imposing excessive court costs on defendant at sentencing which were unrelated to the circumstances of the case and for which no reason was articulated on the record.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's

determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III

### A

Roth seeks habeas relief on the ground that the trial court erred by denying her request for a continuance so she could be sentenced by the judge who presided over her original sentencing and probation violation hearing.

Roth raised this claim on direct review. As described above, the Michigan Court of Appeals denied leave to appeal for lack of merit in a one-sentence summary order. *See People v. Roth*, No. 353774 (Mich. Ct. App. July 29, 2020). Absent some indication to the contrary, this type of summary order is an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Roth offers no basis for rebutting that presumption and the Court finds none. The Court therefore applies AEDPA's deferential standard of review to the state court's decision.[1]

Roth cannot show that the Michigan Court of Appeals' denial of her claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. There is "no precedent, federal or otherwise, establishing

---

[1] Under the same reasoning, the Court applies AEDPA's deferential standard of review to Roth's other habeas claims.

5

a due process constitutional right to have a particular judge, and only that judge, make decisions in a criminal defendant's case." *Davis v. Jenkins*, No. 21-3404, 2024 WL 3873457, at *9 (6th Cir. Aug. 20, 2024). "The law considers judges fungible, based on the underlying presumption that judges conduct themselves with honesty and integrity." *Id.* Because the Supreme Court has never held that the substitution of a trial judge violates a defendant's constitutional rights, Roth is not entitled to relief on her claim.

Roth also claims that allowing sentencing before a substitute judge violated Michigan Court Rule 6.440(C).[2] Because this claim relies on a violation of state court rules, it is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a

---

[2] The relevant portion of this rule provides:

> If, after a verdict is returned or findings of fact and conclusions of law are filed, the trial judge because of disability becomes unable to perform the remaining duties the court must perform, another judge regularly sitting in or assigned to the court may perform those duties; but if that judge is not satisfied of an ability to perform those duties because of not having presided at the trial or determines that it is appropriate for any other reason, the judge may grant the defendant a new trial.

MCR 6.440(C).

6

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

**B**

In her second claim, Roth argues that her sentence violates the principle of proportionality and violates the rule established in *People v. Lockridge*, 498 Mich. 358 (2015).

The Court begins with Roth's proportionality claim. The Michigan Court of Appeals' summary denial of this claim was not unreasonable. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277 (1983)). This "test is rarely met." *United States v. Young*, 766 F.3d 621, 625 (6th Cir. 2014) (citing *Ewing v. California*, 538 U.S. 11, 22 (2003)). "[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

7

Roth's sentence did not exceed the statutory maximum for her crime. *See* Mich. Comp. Laws §§ 257.625(7)(a)(ii); 769.11 (allowing a three-time habitual offender to be sentenced to a maximum of 10 years in prison). She identifies no compelling circumstances that create an extreme disparity between her offense and sentence. The state court's denial of this claim was not unreasonable.

The Court now turns to Roth's claim under *Lockridge*.[3] *Lockridge* applied the rules from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013), to Michigan's sentencing guidelines. Under *Apprendi*, any fact that increases the maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. Under *Alleyne*, the same requirement applies to any fact that increases a mandatory minimum. In *Lockridge*, the Michigan Supreme Court held that, under *Apprendi* and *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. 498 Mich. 358, 388-89 (2015). To remedy this violation, the Michigan Supreme Court made the sentencing guidelines advisory. *Id.* at 391–92.

Roth was sentenced after *Lockridge* was decided and after the state sentencing guidelines were made advisory. Purely advisory applications of sentencing

---

[3] To the extent that this claim arises under Michigan state law, it is not cognizable on habeas review. In the analysis above, the Court construes the claim as presenting a federal challenge to Roth's sentence under the principles from *Apprendi* and *Alleyne* that were applied in *Lockridge*.

8

guidelines do not violate the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220, 233 (2005). Therefore, the state court's decision denying relief on Roth's claim under *Lockridge* was not contrary to, and did not involve an unreasonable application of, clearly-established federal law.

## C

Lastly, Roth maintains that the imposition of $700 court costs was improper because the trial court did not articulate the basis for imposing that amount on the record. The alleged erroneous imposition of costs does not present a cognizable issue on federal habeas review. *See Washington v. McQuiggin*, 529 F. App'x 766, 772-773 (6th Cir. 2013); *Michaels v. Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012).

## IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will deny a certificate of appealability because jurists of reason could not debate the Court's conclusion that Roth failed to demonstrate an entitlement to habeas relief.

## V

For the reasons set forth above, the Court **DENIES** the petition for writ of habeas corpus, and **DENIES** a certificate of appealability.

The Court **GRANTS** Roth leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126